NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30570
24-FEB-2012
08:45 AM**

NO. 30570

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHARLES F. LEE, Claimant-Appellant,
v.
PROGRESSIVE COMMUNICATIONS LLC,
and
WORKCOMP HAWAII INSURANCE COMPANY OF HAWAII,
LTD., Employer/Insurance Carrier-Appellees,
and
FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Adjuster-Appellee

LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(AB 2007-476 (2-03-10062))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Claimant-Appellant Charles F. Lee (Lee) appeals from the Decision and Order (Order) entered on May 20, 2010 by the Labor and Industrial Relations Appeals Board (Board).[1] In its Order, the Board affirmed the October 3, 2007 Decision (Decision) of the Director of Labor and Industrial Relations (Director) that affirmed the denial by the Disability Compensation Division Vocational Rehabilitation Branch (VR Branch) of Lee's

---

[1] Lee's Notice of Appeal purports to appeal from the "Decision of the Director, Department of Labor and Industrial Relations, Disability Compensation Division, State of Hawaii, herein made and entered on May 20, 2010, attached as Exhibit "1". However, it is clear that Lee is appealing from the Decision and Order of the Board, which appears as Lee's Exhibit "1" and was filed on May 20, 2010.

January 10, 2007 Vocational Rehabilitation Plan (VR Plan), thereby resolving Lee's claim against Employer-Appellee Progressive Communications LLC, Insurance Carrier-Appellee Workcomp Hawaii Insurance Company of Hawaii Ltd., and Insurance Adjuster-Appellee First Insurance Company of Hawaii (collectively, Progressive).

On appeal, Lee contends the Board erred in affirming the Director's Decision when

(1) the Board found that payment of money by Progressive to Lee to be used as equity capital did not fall within the statutory or regulatory definition of vocational rehabilitation services (VR services) as set forth by Hawaii Revised Statutes (HRS) § 386-1 (Supp. 2011), and

(2) the Board found that payment of money was not among the enumerated examples of VR services nor within the category of "other goods and services" listed under the definition of VR services in HRS § 386-1.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Lee's points of error as follows:

The Board did not err in finding that payment of money to be used as equity capital was not among the enumerated examples of vocational rehabilitation services as set forth in HRS § 386-1. HRS § 386-1 defines vocational rehabilitation services as

> services provided in a rehabilitation program to assist an employee in obtaining and maintaining suitable gainful employment that may include but shall not be limited to on-the-job training, job modification, vocational evaluation, adjustment to disability, counseling, guidance, vocational and personal adjustment, referrals, transportation, training, supplies, equipment, appliances, aid, occupational licenses, and other goods and services needed to assist an employee in obtaining and maintaining suitable gainful employment.

Lee argues that the surveillance supplies and equipment included in his VR plan constituted "enumerated examples" under HRS § 386-1. However, the VR Plan did not provide that the requested $50,630.90 be specifically used to purchase supplies or equipment; instead, the plan stated that the $50,630.90 would be used as the equity required by the Small Business Administration (SBA) for an SBA loan.

Furthermore, HRS § 386-25 (Supp. 2011) provides:

> (i) If the plan requires the purchase of any tools, supplies, or equipment, the purchase deadline shall be included in the plan. Tools, supplies, and equipment shall be considered to be the property of the employer until the plan is determined by the director to be successfully completed, after which it shall become the property of the employee. If the plan requires the purchase, etc., the employer shall purchase the items prior to the purchase deadline in the plan.

HRS § 386-25 (i). In the instant case, Lee's VR Plan did not include a list of needed supplies and equipment or a purchase deadline. The VR Plan stated that the objective of the plan was "to receive sufficient start up cost funding" from Progressive "to establish the necessary [SBA] loan participation of at least 10% equity[.]" Because Lee's VR Plan did not include a purchase deadline nor require the employer to purchase goods, the cash payment did not qualify as an enumerated example of HRS § 386-1 and the plan did not meet the requirements of HRS § 386-25.

The Board also did not err in finding that payment of money did not fall within the category of "other goods and services needed to assist an employee in obtaining and maintaining suitable gainful employment." HRS § 386-1

Cash payments can not be considered "goods" under HRS § 386-1. As stated above, HRS § 386-25 requires the employer to purchase the goods needed in a vocational rehabilitation plan. The purchase of goods requires a purchase deadline and requires the employer to purchase and hold the goods until the plan is successfully completed. HRS § 386-25(i). These requirements

simply can not be accomplished with a cash payment; therefore, cash payments are not goods.

Nor can a cash payment qualify as a "service" under HRS § 386-1. Quoting Black's Law Dictionary 1399 (8th ed. 2004), the Board defined the word "service" as "an intangible commodity in the form of human effort, such as labor, skill, or advice[.]" Such a definition does not include a cash payment.

Lee cites to no authority to refute the Board's definition of service or support his contention that cash payment can be considered goods or services. A plain reading of HRS § 386-1 reveals no mention of cash payments as goods or services. Because the proposed cash payment does not meet the definition of VR services set forth in HRS § 386-1 nor meet the requirements of HRS § 386-25, the Board correctly affirmed the Director's Decision, which affirmed the VR Branch's denial of Lee's VR Plan.

Therefore,

IT IS HEREBY ORDERED that the Decision and Order entered by the Labor and Industrial Relations Appeals Board on May 20, 2010 is affirmed.

DATED: Honolulu, Hawai'i, February 24, 2012.


On the briefs:

Gary Y. Okuda
(Leu & Okuda)
for Claimant-Appellant.

Gary N. Kunihiro
Shawn L.M. Benton
(Leong Kunihiro Lezy
& Benton)
for Employer/Insurance
Carrier-Appellee and
Insurance Adjuster-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4